IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

INA JEAN DENNY,

    Plaintiff,

vs.                                                  Civ. No. 05-415 JP/RHS

GOVERNOR BILL RICHARDSON,
KEN ORTIZ, MOTOR VEHICLE
DIVISION, STATE OF NEW MEXICO,

    Defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

On July 14, 2006, the Court held a bench trial. Plaintiff represented herself *pro se* at the bench trial and attorney Patricia Turner represented the Defendants. The Court has heard the testimony of Plaintiff and Defendant Ken Ortiz, has reviewed the exhibits accepted into evidence, has heard the oral arguments of Plaintiff and Ms. Turner, and has reviewed the relevant law. In accordance with Fed. R. Civ. P. 52(a), the Court now makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1. On November 16, 2003, an Arizona Department of Public Safety law enforcement officer stopped Plaintiff in Kingman, Arizona because he believed that Plaintiff was driving erratically.

2. This stop resulted in the State of Arizona issuing Plaintiff a traffic citation for failure to provide proof of automobile insurance, improper use of a two way left hand turn lane, unsafe lane use, and failure to carry an automobile registration card. Ex. D.

3. The fines and fees associated with the Arizona traffic citation total $1,194.24. *Id*.

4. Plaintiff has not paid the fines and fees associated with the Arizona traffic citation and does not intend to do so because Plaintiff sincerely believes that she was not driving erratically and that she did not violate any of the Arizona traffic laws and because she did, in fact, furnish proof of insurance to the Arizona police officer who stopped her.

5. Plaintiff has taken no actions under Arizona procedures in Arizona to have the traffic citation, fines, and fees nullified or set aside.

6. The State of Arizona and the State of New Mexico as well as other States have entered into the Nonresident Violator Compact.  NMSA 1978, §66-8-137.1 to §66-8-137.4 (1981).

7. Article IV, section A of the Nonresident Violator Compact states that:

Upon receipt of a report of a failure to comply from the licensing authority of the issuing jurisdiction, the licensing authority of the home jurisdiction shall notify the motorist and initiate a suspension action, in accordance with the home jurisdiction's procedures, to suspend the motorist's driver's license until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority. Due process safeguards will be afforded.

8. When the Plaintiff went to the New Mexico Motor Vehicle Division to renew her driver's license which expired on September 13, 2004, the New Mexico Motor Vehicle Division refused to renew Plaintiff's New Mexico driver's license, because it had been notified by the State of Arizona that Plaintiff had not paid the fines and fees of the November 16, 2003 Arizona traffic citation.  This decision to not renew Plaintiff's driver's license was made in order to comply with Article IV, section A of the Nonresident Violator Compact.

9. The New Mexico Motor Vehicle Division will not renew Plaintiff's driver's license until Plaintiff has paid the outstanding Arizona fines and fees.

10.  Plaintiff wrote letters to Defendant Governor Bill Richardson, Plaintiff's Ex. 4, and to the predecessor of Defendant Ken Ortiz, Motor Vehicle Division, State of New Mexico, Plaintiff's Ex. 5, seeking to have them reinstate Plaintiff's New Mexico driver's license; Defendant Governor Richardson responded to Plaintiff's letter by advising that she retain an attorney and the predecessor of Defendant Ortiz did not respond to Plaintiff's letter.

11.  Plaintiff did not give notice of prospective tort claims against Defendants under the New Mexico Tort Claims Act, NMSA 1978, §41-4-1 to §41-4-29 (1976).

## CONCLUSIONS OF LAW

1.  Plaintiff brings this lawsuit primarily under 42 U.S.C. §1983 for alleged violations of constitutional rights of due process resulting from the Defendants' refusal to renew Plaintiff's driver's license.

2.  Defendants State of New Mexico and New Mexico Motor Vehicle Division are immune from suit under the Eleventh Amendment of the United States Constitution.  With two narrow exceptions, the Eleventh Amendment of the United States Constitution bars a lawsuit in federal court by a citizen against a state or state agency.  *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *cert. denied*, 525 U.S. 1122 (1999)(citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).  Defendants State of New Mexico and New Mexico Motor Vehicle Division do not fall within those two narrow exceptions.  *See id.* at 1187-88 (citing *Aaron v. State of Kan.*, 115 F.3d 813, 814 (10th Cir. 1997))(The two narrow exceptions are as follows:  "1)  A state may waive its Eleventh Amendment immunity by consenting to be sued, but only in the clearest and most unmistakable terms, and 2) Congress may abrogate the states' Eleventh Amendment immunity, but again, only by using the clearest and

most unmistakable terms, and only when Congress is exercising a power granted to it by a constitutional amendment post-dating the Eleventh Amendment, i.e., principally section 5 of the Fourteenth Amendment.").

3. Plaintiff has not proven by a preponderance of the evidence that Defendants Richardson and Ortiz have violated any of her constitutional rights by following the law as set forth in the Nonresident Violator Compact; and consequently, Plaintiff's civil rights claims against Defendants Richardson and Ortiz asserted under 42 U.S.C. §1983 for alleged violations of Plaintiff's constitutional right to due process are without merit.

4. Assuming that the Plaintiff may have also intended to bring tort claims against Defendants Richardson and Ortiz those claims are also without merit because Plaintiff failed to give notice of those claims as required by the New Mexico Tort Claims Act and because the Plaintiff has failed to prove by a preponderance of the evidence that she is entitled to relief against Defendants Richardson and Ortiz under the New Mexico Tort Claims Act.

_____
SENIOR UNITED STATES DISTRICT JUDGE